*Court of Common Pleas, Dauphin County, March 3d,* 1862.

ELDER *v.* THOMPSON.

A transcript certified by a justice of the peace, whose term of office has expired, is void, and will be stricken off by the court upon motion. The docket of such justice should be given to his successor in office, and transcripts should, in all cases, be certified by the latter.

BY THE COURT.—Rule to show cause why a transcript filed for the purpose of lien, should not be stricken off.

The only question presented in this case arises on the validity of the transcript filed of record. Charles C. Snyder, Esq., the magistrate before whom the judgment was obtained, went out of office by the expiration of his term, in the year 1859, and another was elected in his stead, as alderman, in the same ward. Esquire Snyder retained his docket in possession, and gave this transcript after his time expired, to wit, on the 3d day of December, 1861. Could he lawfully certify the transcript, and is it valid as a judgment?

Prior to the adoption of the amendments to the Constitution in 1838, all justices of the peace and aldermen were commissioned during good behavior, but in case of death, resignation, etc., they or their legal representatives were permitted to retain their docket, and certify transcripts for those who might require them. The act providing for the election of justices, introduced some new provisions on this subject. By the tenth section of the act of the 21st of June, 1839, it is provided, that all magistrates elected under the amended Constitution, shall, on the expiration of their term of office, give over their dockets and other office papers to their successor in the same district, whilst those then in commission were permitted to retain them, and certify transcripts. On the 27th of February, 1845, an act was passed giving aldermen and justices of the peace elected, or who should be elected, the same privilege to retain their dockets, and certify transcripts, which was accorded to those then in office, by the tenth section of the act of June 21st, 1839. On the 21st of April, 1846, another act was passed on this subject, the sixth section of which declares, " that so much of the tenth section of the act of 1839, as provides for the delivery of the dockets and papers of an alderman or justice of the peace to his successors in office, shall be, and the same is hereby decreed and construed to extend to all cases of succession in office, whether by death, resignation, removal, or otherwise; and in case of the death of any alderman or justice of the peace, the said delivery shall be made by his legal representative to the

[Elder *v.* Thompson.]

person who is or may be elected and commissioned to succeed him in said ward, borough, or township." It is very clear that this section operates as a repeal of the act of the 27th of February, 1845, and also of so much of the act of 1839, as permitted magistrates then in office, or their legal representatives, to retain their dockets, and they are from thenceforth required to be given over to their successors in office in all cases. It has been decided by the Common Pleas of Philadelphia, that a justice of the peace cannot proceed on the transcript from the docket of another justice; he must have the original docket before him; for after his term of office has expired, there is no authority vested in him to certify a transcript (2 Parsons, 297). This decision was made under the act of 1846, and is, as we conceive, a correct exposition of the statute. It is true that the Supreme Court held in Sloan *v.* McKinstry (6 Harris, 120), that such a transcript was evidence when suit was brought before a justice in another county, being expressly authorized by the act of 1810. But from all that we can gather from the case, we are led to believe that the transcript was certified before the passage of the act of 1846, although the suit was brought afterwards. There does not appear to have been any reference to the act of 1846 on the argument, and if our conjecture is right, the case is correctly decided; and even if we are in error in the supposition that this transcript was previously certified, it could not help the present case, as the act of 1810 authorizes the person having "*possession of the docket,*" to make out and certify a transcript to send to another county. That is not the present case. Here the transcript is used in the same county. My own opinion is, however, that the transcript cannot be certified by the magistrate when out of office, or by his executor or administrator, for any purpose whatever; but that the act of 1846 contemplates that the dockets shall, like other records, go into the hands of the succeeding magistrates in the ward or township, to be handed down from one to another, and that in all cases the transcript must be certified by a person then in office. The act of 1846 clearly intended to change and repeal all of the laws which contemplated that a justice of the peace might retain his docket, and to require that in all cases it should be handed over to his successor, whether the office terminated by death, resignation, expiration of the term, or from any other cause whatever. The consequence of this is, that Squire Snyder could not lawfully certify the transcript filed in the present case; it created no lien, and the same must be stricken off the record. Owing to the confusion and obscurity in these various acts of Assembly, magistrates may have been in the practice of retaining their dockets, and certifying transcripts after the expiration of their term of office, and if the practice has prevailed to such an extent as to create great mischief by vacating the judgment entered thereon, the evil may be rem-

edied by a curative statute, but the court cannot, on account of the prevalence of the evil, misconstrue the act of 1846.

*Snyder, for plaintiff.*

*Alricks, for defendant.*